Filed 8/29/14  P. v. Gates CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNY GATES,<br><br>    Defendant and Appellant. | C074510<br><br>(Super. Ct. No. 12F06398) |

Appointed counsel for defendant Johnny Gates asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant filed a supplemental brief explaining the records of the Department of Corrections and Rehabilitation fail to reflect the plea bargain provided that "*credits from* [*case No. 11F03470* were to run] *concurrent and given on the new* [*current*] *case.*"  (Italics added.)  We conclude the record does not support defendant's claim the plea bargain provided he was to receive custody credits

1

in the current case for time served in a prior case. After reviewing the record, we affirm the judgment.

On October 18, 2009, defendant entered the victim's home through a broken dining room window and stole items from the bedroom dresser. Defendant's fingerprint was found on the dresser.

Defendant entered a no contest plea to first degree burglary (Pen. Code, § 459) in exchange for a four-year state prison term to run concurrently to the term defendant was serving in case No. 11F03470. The court sentenced defendant accordingly and awarded a total of 53 days of presentence custody credit towards the current case.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant filed a supplemental brief addressing the issue of credits that should have been given as part of the plea bargain. He states the records of the Department of Corrections and Rehabilitation fail to reflect the plea bargain provided that "*credits from* [*case No. 11F03470 were to run*] *concurrent and given on the new* [*current*] *case.*" (Italics added.)

The plea bargain provided that the four-year midterm *sentence in the current case was to run concurrently to the sentence* defendant was serving *in case No. 11F03470.* When defendant entered his plea, the trial court commented that "[w]e need to look into the other case and this case a little bit further to make sure we have the credits fully understood." Defendant waived referral to the probation department for a report.

2

At sentencing, after the trial court imposed the term and awarded 53 days of credit on the current case, defense counsel stated: "If I could just inquire from madam clerk if there is any further information on the amount of credits he accumulated on 11F03470." The clerk had a note apparently from another clerk but could not read the handwriting and neither could the trial court. The court commented, "[I]t's clear that this is a concurrent sentence with the 11F03470 case. I indicated what credits [defendant] has for this case. Post sentencing credits are to be determined by the Department of Corrections."

When concurrent sentences are imposed *at the same time*, the general rule is that custody credit is awarded against each case. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9.) However, "[i]f an offender is in pretrial detention awaiting trial for two unrelated crimes, he [or she] ordinarily may receive credit for such custody against only one eventual sentence. Once the pretrial custody is credited against the sentence for one of the crimes, it, in effect, becomes part of the sentence . . . . In such circumstances, the pretrial custody ceases to be 'attributable' to the second crime, thus prohibiting its being credited against the sentence subsequently imposed for that crime. [Citation.]" (*In re Marquez* (2003) 30 Cal.4th 14, 21.)

Here, the record reflects the sentences were to run concurrently but does not include any information concerning the sentence defendant was serving in case No. 11F03470. The record does not support defendant's claim the plea bargain provided he was to receive custody credit in the current case for time served in case No. 11F03470. Thus, we reject defendant's contention.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                        HOCH        , J.



We concur:



        RAYE        , P. J.



        BLEASE        , J.

4